# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:25-cv-00579-MR

| | |
|---|---|
| REGINALD LINDSEY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> LESLIE COOLEY DISMUKES[1], ) <br> Secretary, North Carolina ) <br> Department of Adult Correction, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF <br> DECISION AND ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Reginald Lindsey (herein "Petitioner") on August 4, 2025. [Doc. 1]. Also before the Court is Petitioner's Motion to Amend his petition he filed on August 27, 2025. [Doc. 2].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. See N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction, is now the proper Respondent.

I.  BACKGROUND

Petitioner is a former prisoner of the State of North Carolina.  The Petitioner was convicted in Mecklenburg County Superior Court on April 28, 1992, based upon his no contest pleas to one count of discharging a firearm into an occupied dwelling, and two counts of assault with a deadly weapon with intent to kill.  [Doc. 1-3 at pp. 458-59].  Petitioner received a consolidated sentence of ten years imprisonment suspended for five years, and five years of supervised probation. [Docs. 1-2 at 126; 128; 1-3 at 101]. The Petitioner filed no direct appeal.  On October 20, 1995, Petitioner was admitted to the North Carolina Department of Public Safety to serve his sentence.  [Doc. 1-1 at 109].  Petitioner was thereafter released on parole March 10, 1999, and ultimately terminated from parole on August 10, 1999.  [Id.].

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court on December 19, 2023. [Doc. 1-1 at pp. 134-61]. By order filed February 1, 2024, the Mecklenburg County Superior Court denied Petitioner's MAR. [Id. at 129-32].  The Petitioner sought certiorari review of his MAR denial in the North Carolina Court of Appeals which denied review on August 7, 2024.  [Doc. 1-3 at 13]. The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on August 4, 2025, raising four constitutional claims sounding in due process

2

Case 3:25-cv-00579-MR    Document 3    Filed 09/29/25    Page 2 of 5

violations (Grounds One, Three, and Four) and ineffective assistance of trial counsel (Ground Two).  [Doc. 1 at pp. 5-12].

## II. DISCUSSION

A federal district court may only entertain an application for writ of habeas corpus under 28 U.S.C. § 2254 if the applicant is in custody pursuant to the judgment of a state court.  Id.  The Petitioner in this matter is indeed an applicant, however, he is no longer in custody pursuant to the judgment of the state court about which complains.  Petitioner's sentence for his Mecklenburg County convictions expired on March 10, 1999, when he was released from custody to begin his parole term, and his state court judgment for said convictions terminated on August 10, 1999, when his parole came to an end.

In reviewing a § 2254 petition, this Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief.  Rule 4, 28 U.S.C. foll. § 2254. Because the Petitioner's state court judgment has terminated, Petitioner's instant action challenging the now-expired Mecklenburg County convictions would provide him no relief and therefore must be dismissed.

## III. CONCLUSION

The Court will deny the Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and dismiss this action. Further, given the termination of this action, the Court will deny Petitioner's Motion to Amend Petition [Doc. 2] as moot. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court will decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED** and **DISMISSED.**

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

3. The Clerk of Court is respectfully requested to substitute Leslie Cooley Dismukes as the Respondent in this action.

4. The Petitioner's Motion to Amend Petition [Doc. 2] is **DENIED** as moot.

5. The Clerk of Court is respectfully directed to terminate this action.

**IT IS SO ORDERED.**

Signed: September 29, 2025

Martin Reidinger
Chief United States District Judge